ANDRÉS SOSA REYES, Plaintiff and Appellant, and CARMEN GONZÁLEZ, Plaintiff, *v.* JOSÉ FIDALGO DÍAZ, Defendant and Appellee.

No. 7611.   Argued January 17, 1938.—Decided January 28, 1938.

*E. H. F. Dottin* for appellant.   *F. García Veve* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The defendant and appellee, José Fidalgo Díaz, moves for the dismissal of this appeal on the following grounds:

"1. Because the present appeal has not been perfected in accordance with the provisions of Section 299 of the Code of Civil Procedure of Puerto Rico (1933 ed.).

"2. Because the extensions granted in this appeal for the filing of the statement of the case are void inasmuch as the first of the supposed extensions is indefinite.

"3. Because almost five months have elapsed since the filing of the notice of appeal and yet the appellant, notwithstanding the extensions that he has been granted, has not filed with this Hon. Supreme

Court the statement of the case nor the judgment roll for the purposes of his appeal, thus violating the provisions of Section 299, supra, and Rules 59 and 60 of this Hon. Supreme Court.''

■ Let us examine the facts, which have been duly certified by the clerk of the lower court. On December 4, 1936, the District Court of San Juan rendered judgment herein and on June 18, 1927, it denied a motion for reconsideration filed by the appellant, who on July 19, 1937, appealed from both, that is from the judgment of December 4 and the decision of June 18, to this Supreme Court. Ten days later, on July 29, he petitioned that the stenographer be ordered to transcribe his stenographic notes as they were needed for the preparation of the statement of the case, which was the method chosen by appellant for perfecting his appeal. The court so ordered on the second of August 1937. On the 31st of the same month appellant went to the lower court once more for an extension of thirty days to be counted from September 2, 1937, which was denied because it had been applied for out of term. At this stage, on the 23d of September 1937, the appellant appeared before this Supreme Court seeking a new term within which to prepare and file the statement of the case with the district court. In spite of the opposition of the appellee, by order of November 4, 1937, we granted him a term of thirty days to be counted from the 23d of the preceding month. Thereafter the appellant has continued to apply for extensions to the lower court, the last of which, for thirty days, was granted on December 20, 1937.

In his argument on the first ground of dismissal the appellee states that since the appellant chose the statement of the case as a method of perfecting the appeal which he took on July 19, 1937, he should not have limited himself to requesting the court on July 29 to order the transcription of the stenographic notes, inasmuch as according to Section 299 of the Code of Civil Procedure, he was bound to file

the bill of exceptions and statement of the case, or apply for an extension therefor, the order of the court of August 2, 1937, not having had the effect of an extension.

As to the second ground, he argues that even assuming that the order of August 2, 1937, should amount to an extension for filing the statement of the case, it would be void for indefiniteness inasmuch as no term is fixed therein within which the stenographer should comply with the order. This being so, says the appellee, all the following extensions which were granted by the lower court as well as those granted by this court are void.

The appellee is wrong. This court granted the appellant a new term on November 4, 1937, which according to a certificate of the clerk of the District Court of San Juan was still alive on the 22nd of this month as a result of subsequent extensions. This new term, naturally, cured any error which may have been committed by the appellant before it was granted while petitioning for extensions to prosecute his appeal.

Inasmuch as what was granted by this court was a new term and not an extension, as the appellee contends, his reasoning in support of the second ground for dismissal is entirely without merit.

Finally, and in regard to the third ground which the appellee assigns for dismissing the appeal, all we need to say is that Rule 59 of this court requires that it be proved "satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith," before this court, in the exercise of its discretion, will dismiss an appeal. The appellee has not even attempted this.

The motion to dismiss should be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.